**COOPER et al. v. ANDERSON et al.**

No. 34418.

District Court of the United States for the District of Columbia.

May 9, 1946.

O. R. McGuire, of Washington, D. C., for plaintiffs.

Albert M. Dreyer, Solicitor OPA, and Gordon L. Eakle, Dept. of Justice, both of Washington, D. C., for defendants.

BAILEY, Justice.

The plaintiffs bring this action to enjoin the enforcement of, and to declare invalid a regulation issued by the Price Administrator under Section 2(d) of the Emergency Price Control Act, 50 U.S.C.A.Appendix, § 902(d). However clearly it may appear that the defendant the Secretary of Agriculture failed to exercise the discretion imposed upon him by law in his approval of the regulation which was, in his own language "by direction of the Director of Economic Stabilization" and may have failed, as claimed by the plaintiffs to take other steps required by law before the regulation could be issued, this Court is without jurisdiction to pass upon the validity or invalidity of the regulation involved in this suit.

Section 204(d) of the Emergency Price Control Act of 1942, 50 U.S.C.A.Appendix, § 924(d), to which Section 7(b) of the Stabilization Act of 1942, 50 U.S.C.A.Appendix, § 967(b), is, by its terms, applicable, provides that "no court, Federal, State, or Territorial, shall have jurisdiction or power to consider the validity of any such regulation, order, or price schedule, or to stay, restrain, enjoin, or set aside, in whole or in part, any provision of this Act authorizing

the issuance of such regulations, or orders, or making effective any such price schedule, or any provision of any such regulation, order, or price schedule, or to restrain or enjoin the enforcement of any such provision."

The case of Rosensweig et al. v. United States, 9 Cir., 144 F.2d 30, the Circuit Court of Appeals of the Ninth Circuit held that the claim that a regulation of the Price Administrator is not enforceable is no more than a claim that the regulation is invalid, which is a matter solely within the jurisdiction of the Emergency Court of Appeals. Certiorari was denied by the Supreme Court in that case. 65 S.Ct. 117.

The Court having no jurisdiction to pass upon the validity of this regulation has no jurisdiction to enter a declaratory judgment as to its validity, nor to enjoin its enforcement, and apart from that the complaint shows no ground for relief against the defendants Anderson and Bowles who have nothing to do with the enforcement of the regulation.

The motion of the defendants to dismiss the complaint should be sustained.